Babak Samini (State Bar No. 181796)
SAMINI LAW GROUP LLP
17900 Von Karman Ave. #150
Irvine, California 92614
Telephone: (949) 724-0900
Facsimile: (949) 724-0901

[Proposed] Reorganization Counsel for
Debtors and Debtors-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>DIGITAL POST, INC., a Nevada corporation,<br><br>    Debtor and Debtor-in-Possession. | Case No. 8:11-bk-14460-TA<br><br>Chapter 11<br><br>**DEBTOR'S <u>EMERGENCY</u> MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION OF RELATED CASES; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF BABAK SAMINI IN SUPPORT THEREOF**<br><br>[11 U.S.C. § 105; Fed. R. Bankr. P. 1015; Local Bankr. Rule 9075; Local General Order 02-02 for the United States Bankruptcy Court Central District of California]<br><br>[Identical Motion Filed in Related Case]<br><br>[No Hearing Requested] |

**TO THE HONORABLE THEODORE ALBERT, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER PARTIES-IN-INTEREST:**

#2280215.1

1    DIGITAL POST, Inc., a Nevada corporation ("DIGITAL POST"), the debtor and debtor-in-possession herein (the "Debtor"), hereby moves the Court, on an emergency basis, for an order authorizing the joint administration of DIGITAL POST's chapter 11 estate with the related chapter 11 estate of ROVION Inc., a Delaware corporation ("ROVION") and THE FAMILY POST Inc., a California corporation ("FAMILY POST"). DIGITAL POST, ROVION and FAMILY POST are hereinafter collectively referred to as the "Debtors".

A notice, substantially in the form attached as Exhibit "1" to the Declaration of Babak Samini ("Samini Declaration"), will be sent to all creditors and will be filed in each of the Debtors' cases. Once jointly administered, the Debtors propose to file pleadings only in the DIGITAL POST court case file. In all court files for the related case, creditors and parties-in-interest will be directed to the DIGITAL POST case file to locate all pleadings filed subsequently to the date on which the Court enters its order authorizing the joint administration of these cases.

The Debtors do not request substantive consolidation of their cases at this time. Nothing contained in this Motion is intended to compel substantive consolidation of the Debtors' respective estates. Since the Debtors request only joint administration by this Motion, the relief requested herein will prejudice no substantive rights, and no conflicts will result therefrom. In the event substantive consolidation of the Debtors' estates is warranted, the Debtors will bring a separate motion requesting such relief.

This Motion is based on the attached Memorandum of Points and Authorities, the Samini Declaration appended hereto, the Declaration of Babak Samini filed concurrently herewith ("Samini Declaration"), and all pleadings, papers and records on file with the Court, and such other evidence, oral or documentary, as may be presented to the Court with respect to this Motion.

**Due to the urgent nature of the relief requested herein, DIGITAL POST is not able to conform to the normal motion practice and requests that this Motion be granted, without**

///
///
///
///

notice or a hearing, in accordance with General Order 02-02 approved by the United States Bankruptcy Court for the Central District of California and Local Bankruptcy Rule 9075.

DATED: March 31, 2011

SAMINI LAW GROUP LLP

By: _____
Babak Samini
[Proposed] Reorganization Counsel for the
Debtor and Debtor-in-Possession

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### PROCEDURAL AUTHORIZATION FOR GRANTING THE MOTION ON AN EMERGENCY BASIS WITHOUT NOTICE OR HEARING IS WARRANTED PURSUANT TO GENERAL ORDER 02-02

On March 30, 2011, the Debtor and its related entities ROVION Inc., and FAMILY POST Inc. filed their respective chapter 11 petitions with this Court ("Petition Date").

DIGITAL POST, ROVION, and FAMILY POST are related entities.

By this Motion, the Debtor is requesting an order authorizing joint administration of this case and that of ROVION and FAMILY POST (collectively, the "Debtors") (wherein an identical Motion is being filed concurrently).

As set forth in this Motion, there is substantial overlap with respect to the Debtors. In light of this overlap, the Debtors believe that joint administration will avoid otherwise unnecessary and expensive duplication of effort and papers caused by preparing and serving the same creditors with multiple sets of differently-captioned but otherwise identical papers. The relief proposed herein will enable the Debtors to avoid the substantial cost of preparation, filing and serving duplicative motions in each proceeding, and the consequent burden on the estates and the Court.

By jointly administering the Debtors' estates, creditors will receive appropriate notice of matters involving each of the Debtors, thereby ensuring that creditors are fully informed of matters potentially affecting their claims. In short, joint administration of the Debtors' cases, including (i) combining the estates by using a single docket for administrative matters, including a listing of claims filed, and the filing, lodging and docketing of pleadings and orders, (ii) the use of a single pleadings docket, (ii) the combining of notices to creditors and parties-in-interest of the different estates, (iii) the scheduling of hearings; (iv) financial reporting by the Debtors; (v) the joint and several liability of the estates for administrative purposes; and (vi) the joint handling of other purely administrative matters will aid in expediting the cases and rendering the process substantially less costly, without prejudicing the substantive rights of any creditor.

The Debtors believe that it is in the best interest of their estates to jointly administer these cases. Procedural authorization for granting this Motion on an emergency basis without notice or hearing is found in General Order 02-02 and Local Bankruptcy Rule 9075. The Debtor respectfully submits that, on the facts of this case, emergency relief is appropriate and will substantially benefit the Debtor's estate. Accordingly, the Debtor respectfully requests that the Court grant this Motion, on an <u>emergency basis</u>, without notice or hearing.

## II.

## BACKGROUND OF RELATED DEBTORS

The Debtors are in the business of internet based digital media sharing for consumers and business. The Debtor's wholly owned subsidiary, Rovion, is in the business of developing and administering on-line banner advertising. The Debtor's wholly owned subsidiary, Family Post, is in the business of operating a website which provides consumers an online depository and sharing site for media, including, without limitation, digital pictures and video

## III.

## JOINT ADMINISTRATION OF THE RELATED DEBTORS' CASES WOULD YIELD SUBSTANTIAL ADMINISTRATIVE BENEFITS

Although the Bankruptcy Code specifically provides for joint administration of limited types of cases (See 11 U.S.C. § 302(a) (permitting the filing of joint petitions by spouses)), there is no provision in the Code governing joint administration of cases generally. Bankruptcy Rule 1015(b), however, makes clear that joint administration may be appropriate when two or more related debtor entities, whether spouses, partnerships, or corporations, have filed for protection under the Code. Bankruptcy Rule 1015(b)(4) provides, in pertinent part:

> If . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates.

Further, Local Bankruptcy Rule 1015-1(b) provides, in pertinent part:

> If 2 or more cases are pending before the same judge, an order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to FRBP 1015, supported by a declaration establishing that the joint administration of the cases is warranted, will ease the administrative burden for the court and the parties, and will protect creditors of the different estates against potential conflicts of interest.

Section 101(2) of the Bankruptcy Code defines "affiliate" to mean, among other things:

> (A) entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities.
>
> (B) corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities.

As set forth in Collier on Bankruptcy, an order authorizing joint administration contemplates the following relief:

(1) combining the estates by using a single docket for administrative matters, including a listing of claims filed, and the filing, lodging and docketing of pleadings and orders;

(2) the combining of notices to creditors and parties-in-interest;

(3) the scheduling of hearings;

(4) financial reporting by the Debtors;

(5) the joint and several liability of the estates for administrative expenses; and

(6) the joint handling of other administrative matters.

See Collier on Bankruptcy, Forms 8.92-1, 8.92-4, and 8.92-5, reprinted on Collier on Bankruptcy 15th Ed. Rev. (2001).

Joint administration is warranted in the Related Debtors' cases. ROVION, a Delaware corporation, and FAMILY POST, a California corporation are owned 100% by DIGITAL POST. Based on this relationship, the Debtors plainly are "related" and are "affiliate[s]" as those terms are used in the Bankruptcy Code. See 11 U.S.C. § 101(2).

Joint administration will substantially reduce the costs of administering the Debtors' cases and will serve to eliminate the inefficiency created by maintaining separate dockets. To a great extent, the Debtor anticipates that numerous similar, if not identical, applications, motions and orders will be involved in the Debtors' cases. Joint administration will avoid wasting resources that would result through duplication of effort if the cases involving the Debtors were to proceed separately. The Debtors' creditors stand to benefit from the increased efficiency of administration

anticipated through joint administration because they will not be require to review and separately respond to substantially similar motions, disclosure statements, and other pleadings that would otherwise be filed in separate cases. On the other hand, joint administration will permit the Debtors to respond more efficiently to the demands of their creditors, and will reduce attorneys' fees, copying costs, mailing costs and costs of administering the cases.

Moreover, through joint administration of the Debtors' cases, this Court and the Bankruptcy Court Clerk's office will be relieved of the burden of having to file and maintain dockets and case files for each of the related cases.

By this Motion, the Debtor proposes that the Debtors' estates be jointly liable for administrative expenses. This would include professional fees such that all fees and expenses charged to the main case and only one joint fee application need to be filed by any professional.

## IV.
## WERE AN ACTUAL CONFLICT TO ARISE IN THE COURSE OF THE DEBTORS' CASES, THE COURT MAY ALLEVIATE ANY PREJUDICE TO CREDITORS PURSUANT TO ITS DISCRETION UNDER BANKRUPTCY RULE 1015(c)

Although the Debtors do not believe that an actual conflict exists between the three estates, should such a conflict arise in the future, the Court could easily alleviate any prejudice it may cause to creditors through the Court's broad powers to oversee the joint administration of the Debtors' cases. As discussed above, joint administration is a procedural device designed to reduce costs and administrative burdens generally. Were a conflict to arise during the cases, the Court may step in and limit joint administration to the extent necessary to alleviate any negative effects of the conflict. Under Bankruptcy Rule 1015(c), "while protecting the rights of parties under the Code, the court may enter orders as may tend to avoid unnecessary costs and delay." Exercising its discretion under this Rule, the Court would be able to promote the interests of the estates through administrative efficiency, while at the same time protecting the rights of individual creditors and interest holders if and when the need arises. Until an _actual_ conflict arises, however, there is no reason why the Court should not authorize joint administration of these cases.

V.

## CONCLUSION

The primary goal of a chapter 11 reorganization is to maximize the value of a debtor's estate for the benefit of creditor and equity constituencies. Related to that goal, and of significant importance as well, is the efficient administration of the bankruptcy case so that the debtor can emerge quickly and begin distributions to creditors. Permitting the joint administration of the Debtors' cases will further both of these goals.

Based upon the foregoing arguments and authorities and the evidence before this Court, the Debtors respectfully submit that the Court should enter an order authorizing joint administration of the Debtors' estates, including:

(1) the combining the estates by using a single docket for administrative matters, including a listing of claims filed, and the filing, lodging and docketing of pleadings and orders;

(2) the combining notices to creditors and parties-in-interest;

(3) the scheduling hearings;

(4) the financial reporting by the Debtors;

(5) the joint and several liability of the estates for administrative expenses; and

(4) the joint handling of other administrative matters.

DATED: March 31, 2011

SAMINI LAW GROUP LLP

By: _____
Babak Samini
[Proposed] Reorganization Counsel for Debtor
and Debtor-in-Possession

## DECLARATION OF BABAK SAMINI

I, Babak Samini, hereby declare and state as follows:

1. I am the managing partner of the law firm of Samini Law Group LLP, proposed reorganization counsel for DIGITAL POST Inc., a Nevada corporation ("<u>DIGITAL POST</u>" or "<u>Debtor</u>").

2. On March 30, 2011, the Debtor and its related entities ROVION Inc.("<u>ROVION</u>") and THE FAMILY POST Inc. ("FAMILY POST") filed their respective chapter 11 petitions with this Court ("<u>Petition Date</u>").

3. ROVION Inc. is a related entity of the within Debtor.

4. FAMILY POST Inc., is a related entity of the within Debtor.

5. This Declaration is made in support of the Debtor's Emergency Motion for Order Authorizing Joint Administration of Related Cases Pursuant to Bankruptcy Rule 1015(b) (the "<u>Motion</u>").

6. I believe that the Debtors' cases present the classic situation for joint administration. As set forth in the Motion, I believe that joint administration will substantially reduce the costs of administering the Debtors' cases and will serve to eliminate the inefficiency created by maintaining separate dockets. To a great extent, for each set of pleadings to be filed in the Debtors' cases, the only material differences between each pleading will be in the captions; since substantive matters affecting one estate typically will affect the other estate. Without joint administration, separate pleadings must be filed in each matter, and unnecessary copying will need to be done at substantial cost to the estates -- all without any additional benefit to creditors or interest holders.

7. The relief proposed herein will enable the Debtors to avoid the substantial cost of preparation, filing and serving duplicative motions in each proceeding, and the consequent burden on the estates and the Court.

8. I believe that the creditors of the Debtors stand to benefit from the increased efficiency of administration anticipated through joint administration because they will not be required to review and separately respond to substantially similar motions, disclosure statements,

and other pleadings that would otherwise be filed in separate cases. Moreover, joint administration would permit the Debtors to respond more efficiently to the demands of their creditors, and will reduce attorneys' fees, copying costs, mailing costs and other costs of administering the cases.

9. A notice substantially similar to that attached hereto as Exhibit "1" and incorporated herein by this reference will be sent to all creditors and will be filed in each of the Debtors' cases. The Debtors propose that all pleadings relating to the Debtors' cases shall contain a joint caption in substantially the form attached hereto as Exhibit "2," and that all such pleadings shall be filed and maintained under the existing docket of the within Debtor, DIGITAL POST, Inc., a Nevada corporation.

10. Nothing contained in this Motion is intended to compel substantive consolidation of the Debtors' respective estates. Since the Debtors request only joint administration by this Motion, the relief requested herein will prejudice no substantive rights, and no conflicts will result therefrom. In the event substantive consolidation of the Debtors' estates is warranted, the Debtors will bring a separate motion requesting such relief.

11. Accordingly, for the reasons set forth in the Motion, I believe that it is in the best interest of the estate to jointly administer this case and that of ROVION Inc. and FAMILY POST Inc. (wherein identical Motions are being filed concurrently).

12. Procedural authorization for granting this Motion on an emergency basis without notice or hearing is found in General Order 02-02 and Local Bankruptcy Rule 9075. The Debtor respectfully submits that, on the facts of this case, emergency relief is appropriate and will substantially benefit the Debtors' estates. Accordingly, it is respectfully requested that this Court grant the Motion, on an emergency basis, without notice or hearing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 31st day of March, 2011, at Irvine, California.

_____
Babak Samini

**EXHIBIT "1"**

Babak Samini (State Bar No. 181796)
SAMINI LAW GROUP LLP
17900 Von Karman Ave. #150
Irvine, California 92614
Telephone: (949) 724-0900
Facsimile: (949) 724-0901

[Proposed] Reorganization Counsel for the
Debtor and Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>☒ DIGITAL POST, INC., a Nevada corporation,<br><br>☒ ROVION INC., a Delaware corporation,<br><br>☒ THE FAMILY POST INC., a California corporation,<br><br>           Debtors and Debtors-in-Possession. | Case No. 8:11-bk-14460-TA<br><br>Jointly Administered with Case Nos.<br>8:11-bk-14461-TA<br>8:11-bk-14463-TA<br><br>Chapter 11<br><br>**NOTICE TO CREDITORS AND PARTIES-IN-INTEREST OF JOINT ADMINISTRATION CASES**<br><br>[No Hearing Requested] |

TO ALL KNOWN CREDITORS AND PARTIES-IN-INTEREST:

NOTICE IS HEREBY GIVEN that on March 30, 2011, the United States Bankruptcy Court for the Central District of California, the Honorable Theodore Albert presiding, ordered the joint administration of the following chapter 11 cases:

1. DIGITAL POST Inc., a Nevada corporation ("DIGITAL POST"), Chapter 11 Case No. 8:11-bk-14460-TA and

#2283168.1

2. ROVION Inc., a Delaware corporation ("ROVION"), Chapter 11 Case No. 8:11-bk-14461-TA and

3. THE FAMILY POST Inc., a California corporation ("FAMILY POST"), Chapter 11 Case No. 8:11-bk-14463-TA

DIGITAL POST, ROVION, and FAMILY POST are collectively referred to as the "Debtors." Joint administration of the Debtors' cases includes:

    (1) Combining the estates by using a single docket (IIn re Digital Post Inc., Case No. 8:11-bk-14460-TA) for administrative matters, including a listing of claims filed, and the filing, lodging and docketing of pleadings and orders;

    (2) The combining of notices to creditors and parties-in-interest;

    (3) The scheduling of hearings;

    (4) Financial reporting by the Debtors;

    (5) the joint and several liability of the estates for administrative expenses; and

    (6) the joint handling of other administrative matters.

Pursuant to the Court's order, the case caption to be used in the Debtors' Chapter 11 cases is the caption in this notice. All papers filed in the jointly administered cases should use the caption and case numbers as shown on this notice and should indicate that the cases are jointly administered. The Debtors' estates have not been substantively consolidated.

Dated: March ____, 2011          SAMINI LAW GROUP LLP

By: _____
Babak Samini
[Proposed] Reorganization Counsel for Debtors and Debtors-in-Possession

## **EXHIBIT "2"**

Babak Samini (State Bar No. 181796)
SAMINI LAW GROUP LLP
17900 Von Karman Ave. #150
Irvine, California 92614
Telephone: (949) 724-0900
Facsimile: (949) 724-0901

[Proposed] Reorganization Counsel for
Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>☒ DIGITAL POST, INC., a Nevada corporation,<br><br>☒ ROVION INC., a Delaware corporation,<br><br>☒ THE FAMILY POST INC., a California corporation,<br><br>   Debtors and Debtors-in-Possession. | Case No. 8:11-bk-14460-TA<br><br>[Jointly Administered with Case 8:11-bk-14461-TA]<br>8:11-bk-14463-TA]<br><br>Chapter 11 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 17900 Von Karman Ave. #150 Irvine, CA 92614

The foregoing document described as **DEBTORS' EMERGENCY MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION OF RELATED CASES; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF BABAK SAMINI IN SUPPORT THEREOF; DECLARATION OF MICHAEL SAWTELL IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On March 31, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served): On March 31, 2011 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on March 31, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

CAUSED TO BE SERVED VIA PERSONAL DELIVERY/MESSENGER
Chambers of Honorable Theodore Albert
Courtroom 5B/Suite 5085
Ronald Reagan Bldg.
411 W. Fourth St.
Santa Ana, CA 92701

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 3/31/2011 | Samer Nahas | /s/ Samer Nahas |
|---|---|---|
| Date | Type Name | Signature |

#2281174.1

- 9 -

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- Frank Cadigan    frank.cadigan@usdoj.gov
- Babak Samini    bsamini@alsalaw.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

**SERVED VIA OVERNIGHT MAIL**

Agile Opportunity Fund, LLC
1175 Walt Whitman Rd. Suite 333
Melville, NY 11747

Robert and Carol Lehman
1578 Conestoga Trail, N.E.
Swisher, IA 52338

Steve Daniels
113 Qua Paw Trail
Maumelle, AR 72113

Laszlo Borsai
2235 S. Loara St.
Anaheim, CA 92802

Leland and Nadine Polak
4641 Tanango Dr.
Woodland Hills, CA 91364

Michael Sawtell
c/o Digital Post
4040 Barranca Pkwy #220
Irvine, CA 92620

Bob Grant
3329 South Olive St.
Santa Ana, CA 92707

Danielle Koop
1037 Rolling Hills
Apt 40
Fullerton, CA 92835

Andrew Nguyen
1127 Border Ave.
Corona, CA 92882

Steven Dong
4790 Irvine Blvd. # 105-243
Irvine, CA 92620

#2281174.1

- 10 -

```
 1 | Lihn Trin
 2 | 18765 Paseo Picasso
   | Irvine, CA 92603
 3 | Jerry Krant
   | 5602 Kingsford Terrace
 4 | Irvine, CA 92603
 5 | American Express
   | P.O. Box 0001
 6 | Los Angeles, CA 90096-8000
 7 | Brian Goss
   | c/o Rovion Inc.
 8 | 76 Summer St., 5th Floor
   | Boston, MA 02110
 9 |
   | David Arslanian
10 | c/o Rovion Inc.
   | 76 Summer St., 5th Floor
11 | Boston, MA 02110
12 | David Simon
   | c/o Rovion Inc.
13 | 76 Summer St., 5th Floor
   | Boston, MA 02110
14 |
   | TD Banknorth NA
15 | 1441 Main St.
   | Springfield, MA 01103
16 |
17 | SERVED VIA EMAIL
18 |   • Agile Opportunity Fund, LLC
   |     david@agileopportunity.com
19 |
   |   • Peter and Irene Gauld
20 |     pgg7606@gibtelecom.net
21 |   • Rob M. Thomas Trust UTD 1/21/05, Rob M. Thomas, TTEE
   |     rmthomascpa@att.net
22 |
   |   • Steve and Amy Boucher –
23 |     steveamyboucher@comcast.net
24 |   • Bruce and Laurie Williams –
   |     williamsbrucelaurie@gmail.com
25 |
   |   • Ron Maloney -
26 |     ronm@nbnet.nb.ca
27 |   • Alexander MacDougall –
   |     sandy.macdougall@mortgagevintage.com
28 |
```

#2281174.1                                    - 11 -

1  • Randall and Carol MacDougall –
     rmacdougall@q10dc.com

2  • Allan MacDougall Jr. –
3    lanny@schofield-macdougall.com

4  • Steven Dong –
     StevenDongCPA@GMAIL.com
5
   • Matthew Staker
6    mstaker@sbcglobal.net

7  • Randy MacDougall –
     rmacdougall@q10dc.com
8
   • Laurie Barnes –
9    lbarnes944@aol.com

10 • Charles and Margart Vezzetti –
     desertart@gamil.com
11
   • Mark Polak
12   mark@lemarkins.com

#2281174.1

- 12 -